## SOLOMON C. WARNER, APPELLANT,

### vs.

## CHARLES GOODYEAR, APPELLEE.　INTERFERENCE.

INTERFERENCE—QUESTION IS WHETHER APPLICANT IS ENTITLED TO A PATENT.— In an interference between an applicant and a patentee, the question is whether the applicant is the first inventor; for if he is not, it is immaterial to the cause who is.

INVENTION — COMBINATION OF OLD DEVICES — NEW RESULT.—When a certain particular combination of old instruments or devices produces a new and useful effect in the art—as the combination for the first time in a machine for making corrugated or shirred India-rubber goods of calenders, rollers, endless apron, and a stitching frame — that combination becomes the lawful subject of a patent.

INADMISSIBLE TESTIMONY MAY BE STIPULATED IN, SUBJECT TO CREDIBILITY.— Testimony otherwise inadmissible may be admitted upon stipulation, but the interest of the witnesses in the matter in controversy may still go to their credit and have its due weight.

ORIGINAL INVENTOR—PRESUMPTION IN FAVOR OF ONE WHO MADE THE MACHINE —REBUTTED BY CIRCUMSTANCES—ESTOPPEL.—The *prima-facie* evidence of inventorship, arising out of the fact that the machine in controversy was made by one of the parties to the interference, is rebutted by evidence showing that such party was at the time in the employ of the other party as a machinist, and that he made the machine at his employer's request and for his benefit, and made no claim to the invention until long afterwards, but, on the contrary, stood by and saw his employer apply for and obtain a patent without objection.

SM—SM.—Under such circumstances, the presumption is that the machine was made according to the directions of the party beneficially interested, and in pursuance of his invention.

Before CRANCH, C. J., District of Columbia, July, 1846.


CRANCH, J.

Appeal from the decision of the Commissioner of Patents refusing a patent to S. C. Warner for combining with metallic calender rollers an elastic endless apron and a stretching-frame, for manufacturing corrugated or shirred India-rubber goods.

The only material point involved in the reasons of appeal, and to which my revision must be limited, is whether Solomon C. Warner was the first inventor of that combination; (which is the

same combination for which Charles Goodyear obtained a patent on the 9th of March, 1844, upon a specification dated July 24th, 1843, more than fifteen months before the application of Solomon C. Warner;) for if he was not the first inventor, it is immaterial to this cause who was.

Upon this point the Commissioner of Patents had decided that he was not the first inventor; and upon his appeal from that decision the question is now brought before me, and must be decided according to the evidence produced before the Commissioner and now laid before me.

That a patentable improvement in the manufacture of corrugated or shirred India-rubber goods by machinery has been invented, is admitted by both parties; and in order to ascertain who was the inventor, it seems to be necessary, first, to ascertain in what this patentable improvement consists.

It does not consist in the whole machine, nor in any particular part of it, for neither the whole nor any part of it is new. The invention consists only of a new combination of some known mechanical principles or powers. The calenders, the rollers, the endless apron, and the stretching-frame are all old instruments, and as such cannot be patented; but when a certain particular combination of them produces a new and useful effect in the manufacture, that combination becomes the lawful subject of a patent.

Warner's specification says that what he claims as new is the combining with the metallic calender rollers an elastic endless apron and a stretching-frame. Goodyear's specification is in the same words, omitting the word "metallic."

The question, then, is, Was Solomon C. Warner the first inventor of that combination? A vast deal of testimony has been taken; much of it is immaterial. The counsel for the claimant objects to some of Mr. Goodyear's witnesses as incompetent by reason of their interest. But there is an agreement signed by the counsel of the parties, dated January 9th, 1846, "that all testimony taken before —— Goodyear, Esq., U. S. Commissioner, and —— Metcalf, Esq., U. S. Commissioner, up to and during the 9th of January, 1846, shall be heard and considered by the Commissioner of Patents whether the same be filed before the 12th of January instant or not; rights reserved as to all other testimony taken after this date." All the testimony to which the objection relates

was taken before those Commissioners, or one of them, and before or during the 9th of January, 1846. This agreement seems to me to be a waiver of the objection to the competency of the witnesses whose testimony is thus agreed to be heard and considered.

The objection, however, may go to their credit and have its due right. The principal evidence in favor of Solomon C. Warner is the inference drawn from the fact that he made the machine which contains the combination for which he desires to obtain a patent.

This is *prima-facie* evidence that he was the first inventor of that combination. This inference, however, is rebutted by the fact that in making that machine he was working at his trade as a machinist in the employment and for the benefit of Mr. Goodyear for wages; that he did not claim to be the inventor of that combination for a long time after his supposed invention, but stood by and saw Mr. Goodyear apply for and obtain a patent for it without objection; and did not apply for a patent for it as his own invention until the 4th of November, 1844, more than eighteen months after his supposed invention, and nearly six months after Goodyear had obtained his patent for the same invention, and not till Norton & Lawrence had agreed to secure him against all costs and expenses to be incurred in procuring the patent.

Those facts seem to me to rebut the inference drawn from the fact that Mr. Warner was the fabricator of the machine which contains the combination.

The greater part of the testimony produced by him is to prove the fact that he built the machine.

The presumption, from the fact that Warner made the machine for Goodyear at his request, for his benefit, and at his expense, is that it was made according to his directions; and the burden of proof is then on Warner to show that the machine was not according to his directions.

By a careful examination of the testimony, I am satisfied that in the fall of 1842 Mr. Charles Goodyear made several experiments combining the principle of the calenders, the stretching-frame, and the elastic apron passing through the calenders with the cloth intended to be corrugated, and ascertained that a ma-

chine combining these principles, if properly made, would effect the object he has in view, viz., the shirring of India-rubber goods by machinery. This combination, the effect of which Mr. Goodyear had thus ascertained, was reduced to practice by the machine built by Solomon C. Warner, at the request or by the order and at the expense of Mr. Goodyear; so that it was in fact Mr. Goodyear, and not Mr. Warner, who reduced the invention to practice.

Whether the apron shall be an endless or a straight apron, does not affect the principle. The object was to have an elastic matter pass through the calenders with the cloth intended to be corrugated. The one way does the work better than the other, but neither of these effects the object intended. Mr. Goodyear's invention or discovery was in 1842. Mr. Warner claims only from the spring of 1843. Without deciding, therefore, the question whether or not Mr. Solomon C. Warner received his instruction from Mr. Goodyear or from Mr. Emory Kider, or from any any one else, I am of opinion from the evidence that Mr. Solomon C. Warner was not the first inventor of the combination for which he asks to obtain a patent.

*Edgar S. Van Winkle*, for appellant.

*William Indran*, for appellee.

